HANCOCK *vs.* TANNER & EVANS.

1. Under the common counts in assumpsit a party may recover for what he has performed under a special contract, (though in a manner variant from the terms,) notwithstanding there remains some part of the defendant's agreement unfinished.
2. So, where A, under a special contract, agreed, in considera-tion of a sum, advanced by B & C, to deliver cotton, which was to be sold at New Orleans; and, at the time, delivered part thereof, which was sold at Liverpool—and the balance was not delivered; it was held that B & C might abandon the special contract, and recover under the common counts, the overplus of the sum advanced.

This was an action of assumpsit in Limestone County Court, prosecuted against the defendant in error, by Tanner & Evans, for the use of Samuel Tanner.

The declaration charged, that on the 9th day of January, 1829, the said defendant made and signed his certain instrument in writing, in the words and figures following, that is to say :

"Athens, January 9, 1829. Received of Tanner & Evans three hundred and ninety-six dollars and sixty-three cents, on account of cotton contract— nine bales, weighing four thousand one hundred and twenty-four, which is weighed and marked ; and bind myself to deliver two thousand pounds more of baled

cotton—the said Tanner & Evans to advance, on the delivery of the balance, enough money to amount to nine cents per pound, including what has already been advanced; and ship the cotton to New Orleans, and sell the same for the best price we can, and give the said Nathaniel Hancock the net proceeds of sales, under the rules and regulations of shipments in general."

The plaintiffs averred, in the first count, that they were ready and willing to advance the said defendant enough money to amount to nine cents, in the manner specified in said instrument, whenever the said defendant should deliver the said two thousand pounds of baled cotton; but that the said defendant failed to deliver the same, according to the tenor and effect of the said instrument. That afterwards the said plaintiffs shipped said nine bales of cotton to New Orleans, and sold the same according to the tenor and effect of said instrument.

The second count was likewise upon the instrument, with an averment, that the nine bales of cotton, received, had been shipped to New Orleans and sold according to the tenor and effect of the instrument of writing; and that the sale thereof amounted to the sum of —— dollars.

There were also inserted in the declaration, other counts, for money lent aud advanced, paid, laid out and expended; and upon an account stated.

The defendant plead the general issue; and at fall term, 1831, the cause was tried, and a verdict and judgment rendered for the plaintiffs.

On the trial, the plaintiffs having read in evidence the instrument set forth in the declaration, proved, that the nine bales of cotton therein mentioned, had

been shipped within a reasonable time, to New Orleans; and delivered to a commission merchant; that the latter was directed to make the best disposition of it; and that he, under the belief that it was to the interest of all concerned, shipped the same to Liverpool: and that it neted something less than it might have done, if sold at New Orleans. It was also proved, and admitted, that the two thousand pounds of cotton, stipulated to be delivered by the defendant, had not been furnished.

The plaintiff further offered evidence, that it was customary, as a general rule or regulation, among shippers of cotton, who had advanced money on such shipments, after delivering the cotton to commission merchants—to leave it to their discretion to make the best disposition of it: and that it was customary for them, in the exercise of that discretion, either to sell the cotton at New Orleans, or to ship it to any other market.

The Court rejected this proposed proof, and its opinion was excepted to.

The plaintiffs also gave evidence that an account had been presented to the defendant, and the amount claimed of him, demanded. Thereupon the defendant moved the Court to charge the jury, that unless the cotton delivered as above mentioned was sold at New Orleans, according to the terms of the agreement, in writing, the plaintiff could not recover in the present action. The Court refused so to charge; and instructed the jury, that although the plaintiffs had not sold the cotton, according to the written agreement; yet, under the declaration in his action, they might, (if proved,) find for the plaintiffs, the **amount of difference between the amount of money**

advanced, and the value of the cotton at New Orleans—after deducting from the value of said cotton, the charges of conveyance to New Orleans, and expenses while there.

The defendant excepted to this charge of the judge, and took a writ of error.

TAYLOR, J.—The plaintiff in error contends, that the judgment should be reversed, because the recovery was had upon the general counts, which was illegal, as the contract was not fully executed when the suit was brought; but, in part, executory. He admits that in the case of a special contract, when the plaintiff has performed his part of the undertaking differently from the terms of the contract, there may be a recovery on the general counts, if nothing remains to be done under the contract; but insists, that in this case, the defendant was still bound to deliver two thousand pounds of cotton, when the suit was instituted. If one man undertakes, by special agreement, to do any thing for another, as to build a house, for a specified compensation, and performs his part of the agreement, he may abandon the special agreement, and recover upon a *quantum meruit.* In this case, no action could have been sustained upon the special count, as the plaintiffs had sold the cotton in Liverpool, instead of New Orleans, and as they had performed their part of the agreement, different from the terms of it, they could only resort to the money counts, for a recovery. If they could not recover in this way, they would be wholly without remedy. To declare on the special agreement, would avail nothing: they had not fulfilled it according to its ten-

4 s. & p.                    34

or; and the defendant could always withhold the two thousand pounds of cotton, and thus, by his own default, secure himself against a recovery on the general counts. This would be an unheard of doctrine.

But we believe the defendant could not, at the time the suit was brought, have delivered the two thousand pounds of cotton under the contract; he was bound to do so within a reasonable time, which was within the season for shipping the crop then going to market, and certainly the plaintiffs can not be compelled to sue the defendant for this breach of his contract, if they do not choose to do so.

The judgment must be affirmed.